[Huggins v. Southern Ry. Co.]

# Huggins *v.* Southern Ry Co.

*Action for Damages for Injury to Employe.*

(Decided June 13th, 1906.   41 So. Rep. 856.)

1. *Master and Servant; Injury to Servant; Action; Plea; Suffi-ciency.*—A plea, in reply to an action for injuries received while coupling cars, alleging contributory negligncce on part of defendant, in that defendant made a contract not to couple the cars except with a coupling stick, and in violation thereof attempted to couple the cars by going in between them without a coupling stick, was not subject to demurrer for that it set forth a contract, and al-leged a violation thereof, yet the facts set out did not show a violation; or for that the plea failed to allege that the coup-ling could have been made without going between the cars; or for that the plea failed to show that plaintiff knew that an engine was attached to the cars and was approaching when he went in between the cars to couple them; or for that it is in contravention of § 1749, Code 1896, and opposed to pub-lic policy; or for that it showed on its face that it was an ar-bitrary rule, and a fraud for the purpose of escaping lia-bility; or that it fails to allege facts constituting plaintiff's negligence.

2. *Same.*—A plea charging that plaintiff went in between cars to make a coupling when it was unnecessary, and that his go-ing between the cars was the proximate cause of his injury, is good.

3. *Same; Replication.*—A replication to a plea that alleges that it was unnecessary to go in between the cars to make the coup-ling, which asserts, as an answer thereto, that the coupling could not have been made without going between the cars, and that plaintiff was ordered to make the coupling by his superior employe, was subject to demurrer for failing to al-lege that defendant's employe who ordered plaintiff to make the coupling had the right to abrogate the rule prohibiting employes from going between cars to make a coupling; and for failure to allege that the order was given by one who had authority to order a violation of the rule.

4. *Same; Injuries to Servant; Jury Question.*—It was a question for the jury, under the evidence, whether there was negli-

[Huggins v. Southern Ry. Co.]

gence on part of defendant's superior employe in failing to signal the engineer to stop or slacken speed of cars and engine before striking detached cars while plaintiff was between them endeavoring to make coupling.

5. *Same; Evidence; Cause of Injury.*—It was not error to permit a witness to testify to the condition of certain cars and to permit him to describe the couplings, when it appeared by other competent evidence that the numbers of such cars corresponded with the numbers of the two between which plaintiff was injured.

6. *Same; Contributory Negligence; Disobedience to Orders.*—Where the defense to an action for injury to an employe, received while coupling cars, was contributory negligence, growing up out of disobedience to orders relative to making couplings, it was competent for defendant's superintendent to state what he told plaintiff about going in between cars on the day he started to work, and of his calling plaintiff's attention to the rules prohibiting employes from going between the cars.

7. *Same; Injury to Servant; Instructions; Proximate Cause.*—A charge asserting in effect that if the cars between which plaintiff was injured were in a defective condition, and dedefendant knew of the defects, and failed or refused to put the cars in good condition, plaintiff should recover, is bad in failing to hypothesize a recovery upon the defects being the proximate cause of the injury.

8. *Same; Orders; Effect.*—Where the rules of the company prohibited brakemen from going between cars to make couplings an order from a superintendent to a brakeman to couple certain cars was not impliedly an order to go between them to execute the order.

9. *Same; Injury to Servant; Contributory Negligence; Proximate Cause.*—If the brakeman was negligent in going between the cars while they were in motion, he cannot recover, although the engineer was negligent in backing the cars at an unusual or excessive speed.

10. *Same; Instructions; Wanton Negligence of Fellow-Servant.*—Under the facts of this case a charge asserting that unless the engineer was guilty of willful or wanton negligence in backing his engine and cars at a great and dangerous rate of speed, and was conscious of the fact at the time that his acts would likely result in injury to plaintiff, plaintiff could not recover on account of the negligence of the engineer, was properly given.

11. *Same; Rules of Employment; Reasonableness.*—A rule prohibiting employes from going between moving cars to couple or uncouple them while in motion is a reasonable rule.

[Huggins ·v. Southern Ry. Co.]

12. *Same; Contribuotry Negligence; Operation of Railroad.*—A brakeman was guilty of contributory negligence in going between moving cars for the purpose of making a coupling, if the coupling could have been made without going between them, where the rule of the company prohibited the going between moving cars for the purpose of making a coupling.

13. *Same; Negligence of Fellow-Servant; Acts of Negligence; Proximate Cause.*—Where the brakeman, while standing outside of the track, signaled the engineer to back his train, and the engineer did so in the approved way, and before the backing train reached the cars to be coupled the brakeman went in between the cars; and the engineer, as soon as he discovered the fact that the brakeman was in between the cars, used very means to stop his train, but was unable to do so, and injury resulted to the brakeman, he could not recover.

14. *Same; Proximate Cause.*—Where the engineer was taking his signals from the brakeman, and did not see any signals given by the superintendent, and the brakeman was caught and injured, he cannot recover for any negligence of the superintendent.

15. *Same; Rules; Customary Violation.*—Unless it was known to the railroad and acquiesced in by it, or had prevailed for so long a time that the road was bound to know of it, a custom among its employes to go between cars to make couplings in violation of a rule of the railroad will not bind the railroad, or excuse the violation of the rule.

16. *Damages; Personal Injuries.*—A charge was improper which asserts that if from defendant's negligence plaintiff was entitled to recover, the measure of his damages would be what his services were proven to be worth at the time of his injury, and from that time during his reasonable expectancy, less what he could earn in his present condition.

17. *Same.*—An instruction asserting that one element of damage was wounded feelings, the physical and mental suffering of plaintiff, and that while there was no measure of proof of such damages, it was a matter of inference to be drawn from the manner and carelessness of the wrong, was properly refused.

18. *Trial; Instructions; Failure of Evidence on Certain Points.*— It was not reversible error to give a charge asserting that there was no evidence that any custom obtaining among the brakeman of going in between the cars to make a coupling was known to and acquiesced in by the railroad, and that there was no evidence that the rule prohibiting employes from going in between moving cars to make couplings had been rescinded or abandoned.

[Huggins v. Southern Ry. Co.]

19. *Same; Conformity to Evidence.*—In the absence of any evidence of wantonness on the part of defendant's superintendent growing out of any act or omission alleged in the complaint, a charge predicated upon such such act or omission of wantonness for a recovery by plaintiff was properly refused.

20. *Evidence; Opinion Evidence; Mechanical Devices.*—It was proper, in this action, to permit defendant's superintendent to testify that the cars could have been coupled without plaintiff going in between them; and also to permit a railroad man to testify as to what class and kinds of cars could be coupled without going in between them, it being shown that they knew the facts.

21. *Same; Admissions; Acquiescence.*—It was not error to admit as evidence a written statement in regard to the accident, though it was not signed by plaintiff, where a witness who had signed it testified that it had been read over to plaintiff and while declining to sign it, plaintiff admitted it was correct.

22. *Witnesses; Cross Examination; Scope.*—Where witness for plaintiff had testified as to what cars would be coupled without going in between them, defendant had the right, on the cross, to have witness' opinion as to whether it was necessary to go between the cars in question.

23. *Pleadings; Amendment; Complaint.*—Where the negligence charged in the original complaint was that a superior employe negligently ordered plaintiff to couple certain cars and signalled the engineer to back up while plaintiff was between the cars; and there was an allegation of wantonness on the part of such superior employe, also, it was not error to permit an amendment setting up that the superior negligently allowed the cars to run back, as this was not a mere repetition or substitution of the original complaint.

24. *Same.*—The only limitation upon the right of amendment of the complaint before the cause is finally submitted to the jury is that the form of the action must not be changed and that there must not be a substitution of a new cause of action.

25. *Appeal; Harmless Error; Pleading; Amendment.*—If error to refuse to allow amendments which are but repetitions of matters set forth in the original pleading, such error is without injury.

APPEAL from Bessemer City Court.

Heard before HON. B. C. JONES.

Action by Joseph Huggins against the Southern Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed and remanded.

[Huggins v. Southern Ry. Co.]

This was an action by appellant, who sues under the employer's liability act for damages received while coupling cars in defendant's yards at Selma. The first count avers a defect in the ways, works, plant, and machinery, etc. The second count avers the negligent order of one Porterfield, as superintendent, while in the exercise of such superintendence. The third count avers the negligence of said Porterfield, while in the exercise of superintendence, in negligently giving the engineer signal to back up the train at a great rate of speed while the plaintiff was coupling cars. The fourth count is a practical repitition of the third count. The fifth count attributes the negligence to R. O. Harris, the engineer in charge of the train, in negligently running the engine back against the cars at a great rate of speed. The sixth count is a repitition of the fifth count.

The defendant filed a number of pleas, among them the following: Plea 6: "The defendant, for further answer to the first, second, third, and fifth counts of the complaint, says that the plaintiff was himself guilty of contributory negligence in this: That said plaintiff, under the name of Alex Huggins, on March 30, 1901, entered into a contract of employment with the defendant, which said contract was in words and figures as follows: (Here follows the contract of employment, which provides that under no circumstances shall the brakeman couple or uncouple cars except with a coupling stick, and that no brakeman or others must go between cars under any circumstances for the purpose of uncoupling, or for adjusting pins, where the engine is attached to the car, and assuming the individual duty of going to the railroad company and procuring a coupling stick of sufficient standard length, and of keeping such a stick always on hand. The contract further provides that he will not, in obedience to any orders from anybody, couple without this stick, and no one has any authority to discharge him for failure to couple without this stick.) And defendant says that in violation of the above contract the plaintiff negligently went in between the cars of the train, when he was injured, and negligently attempted to make a coupling without a stick, and while one section of said car was in motion, and was

thereby guilty of contributory negligence." Plea 8 sets up contributory negligence on the part of the plaintiff for violation of a rule of the company prohibiting employes from getting in between moving cars to couple or uncouple them, with a knowledge of said rule. Plea 9 sets up contributory negligence, because plaintiff went in to couple cars when the cars were in motion, and it was unnecessary to go in to make the coupling. Pleas 8 and 9 were filed to the first, second, third, and fifth counts of the complaint.

Demurrers to the sixth plea: "Said plea set forth a contract and alleges a violation thereof, and yet the facts set out are not sufficient to show a violation. Said plea fails to aver or show that the coupling which plaintiff was making or attempting to make could have been made with a stick. Said plea fails to show that the coupling of the cars which the plaintiff was making or attempting to make when he was injured could be done without going in between the cars. Said plea fails to show that plaintiff knew that an engine was attached to the train or cars and was approaching when he went in between the cars to make the coupling. Said plea sets up a contract which is in contravention of section 1749 of the code, opposed to public policy. Said plea shows on its face that it is an arbitrary rule of the defendant to require any one who desires to obtain employment with the defendant to sign one of the contracts as set out in the plea, not as a contract to be governed by while the employe is working for defendant, but as an artful scheme and a fraud, for the purpose of trying to escape liability in case of personal injury to the employe. Said plea fails to show or specify the facts which constituted the negligent act of plaintiff, in violation of said contract."

Demurrers to eighth plea: "Said plea fails to allege that it was unnecessary for plaintiff to go between the cars to couple the same. Said plea fails to aver that the rule therein named was violated. Because the averments in said plea vary the obligation in said contract that plaintiff would not go in between the cars for the purpose of coupling or uncoupling them when an engine is attached. The facts set out in said plea do not

show any violation of the rule alleged in the plea. The plea fails to aver that the coupling in which plaintiff was engaged could be made with a stick. The plea fails to aver that the coupling could be made without plaintiff going in between the cars. It does not allege that there was an engine attached to the cars that plaintiff went in between. Because said plea varies said rule of defendant. Because said plea does not show that plaintiff knew, when he went in between the cars, that an engine was attached to other cars approaching the one which plaintiff was to couple, and does not show that plaintiff had knowledge of the fact that it was unnecessary for him to go between said cars to couple the same. Said plea does not aver or show that going in between the cars was obviously dangerous, or that plaintiff knew it was dangerous."

The third replication to the eighth and ninth pleas was as follows: "Plaintiff says that the coupling the plaintiff was making at the time of the injury to him could not be made without going between the cars, and that plaintiff had been ordered by his superior employe to make said coupling, and in order to do so it was necessary for plaintiff to go between the cars."

The defendant demurrer to this replication as follows: "It is not averred that the defendant's employe who ordered plaintiff to make said coupling had the right or authority to annul or abrogate the rule prohibiting employes from going between moving cars for the purpose of coupling or uncoupling them, and the fact that it was necessary for plaintiff to go in between said cars for the purpose of making said coupling did not authorize or justify him in the breaking of the rule of defendant prohibiting employes going in between moving cars to couple or uncouple them."

The plaintiff requested the following charges, which were refused by the court: Charge 7: "I charge you, gentlemen of the jury, that the law is this: If the defendant corporation is only charged in the complaint with simple negligence, on account of the negligence of the yard foreman, Porterfield, yet if evidence was introduced by the plaintiff, without objection on part of the defendant, showing that defendant was guilty of wan-

ton or willful negligence on account of the acts of Por-
terfield, and you believe such evidence, then you are war-
ranted under the law in disregarding the variance, and
may give a verdict for the plaintiff on account of the
willful or wanton negligence of said Porterfield."
Charge 10: "I charge you, gentlemen of the jury, that
if you believe from all the evidence in the case that the
car or cars between which Joe Huggins was injured
were in a defective condition, and the defendant knew
of these defects, and failed or refused to put said car or
cars in good condition within a reasonable time, then
the defendant is guilty of negligence, and plaintiff is en-
titled to recover." Charge 11: "I charge you, gentle-
men of the jury, that if you believe from all the evi-
dence in this case that poor Joe Huggins cannot read
or write, and that the contract in evidence was not read
over to him and fully explained to him, and if you be-
lieve further from the evidence that Huggins did not
read over said contract in the presence of Walter Hagin,
as set up in said contract, then the plaintiff is not
bound by the contract, and you may disregard the same
in making up your verdict." Charge 12: "I charge you,
gentlemen of the jury, that if you believe from all the
evidence in this case that Porterfield was standing near
Huggins and could see his perilous position, and
failed to use ordinary care to stop said cars or signal
the engineer, and the injury to plaintiff resulted thereby,
then plaintiff may recover, although plaintiff may have
been guilty of contributory negligence in going between
said cars." Charge 13: "I charge you, gentlemen of
the jury, that if you believe from all the evidence in
this case that poor Joe Huggins could not read or write,
and that the yard foreman, Porterfield, failed to read
over to said Huggins rule No. 10 of defendant, in evi-
dence in this case, and failed to fully explain said rule
to said Huggins, then said Huggins is not bound by this
rule, and you may disregard the same in making up
your verdict." Charge 14: "I charge you, gentlemen
of the jury, if you believe from all of the evidence in this
case that poor Huggins could not read or write, and
that he did not read over said rule 10 in the presence of
the yard foreman, Porterfield, as set up in said plea,

then Huggins would not be bound by said rule, and you may disregard the same." Charge 16: "I charge you, gentlemen of the jury, that if you believe from all the evidence in this case that Joe Huggins gave the engineer, Harris, the proper signal, and the engineer failed to obey said signal, and thereby the plaintiff was injured, then the plaintiff is entitled to recover." Charge 17: "I charge you, gentlemen of the jury, that if you believe from all of the evidence in this case that the plaintiff, who was a switchman on defendant's road, gave the proper signals to Porterfield, whose duty it was to receive them and transmit the said signals to the engineer, and Porterfield failed to transmit them properly, and injury resulted to plaintiff, the defendant is, under statutory provisions, liable for damages." Charge 18: "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that Porterfield told Huggins to couple or uncouple said cars, then impliedly it was an order to go between said cars and couple them, and plaintiff, in order to recover, is not bound to prove that he had a special order from Porterfield to go between said cars." Charge 20: "I charge you, gentlemen of the jury, that if you find the defendant guilty the plaintiff, Huggins, is entitled to recover what his services have been proven to be worth from the time of his injury up to the time he may reasonably expect to live, less what he can earn in his present condition." Charge 21: "I charge you, gentlemen of the jury, that one element of damages in this case is the wounded feelings of the plaintiff, his physical and mental suffering from his injuries. There is no measure of proof of such damages. It is a matter of inference, to be drawn by the jury from the manner and carelessness of the wrong."

The court gave the following charges at the request of defendant: Charge 12: "Unless the jury believe from the evidence that Porterfield gave his signal to the engineer to back up said cars, with the knowledge of, or conscious of, the fact that plaintiff was in a dangerous and perilous position, and that the probable result of the cars backing up would be to injure him, then the plaintiff cannot recover under the fourth count of the complaint." Charge 14: "I charge you, gentlemen of

the jury, that even if R. O. Harris, the engineer, was negligent in backing up the engine and cars at an unusual and great rate of speed, yet, if you find that the plaintiff himself was guilty of contributory negligence in going between the cars while they were in motion, plaintiff cannot recover under the fifth count of the complaint." Charge 15: "I charge you, gentlemen of the jury, that unless you believe from the evidence that the engineer was guilty of willful or wanton negligence in backing up his engine and cars at a great and dangerous rate of speed, and was conscious of the fact at the time that his act was likely to and probably would result in injury to plaintiff, then the plaintiff cannot recover under the sixth count of the complaint." Charge 16: "The court charges the jury that there is no evidence in this case that any custom among switchmen or brakemen on the defendant's road of going in between moving cars to couple them was known to and acquiesced in by defendant." Charge 18: "The court charges the jury that the rule of the defendant prohibiting employes from going in between moving cars to couple or uncouple them while in motion was a reasonable rule." Charge 19: "The court charges the jury that there is no evidence in this case that the rule prohibiting employes of defendant from going in between moving cars to couple them had been rescinded or abandoned by the defendant in regard to the plaintiff in this case." Charge 20: "If the jury believe from the evidence that the cars could have been coupled without plaintiff going in between them, and believe that the defendant's rule of which plaintiff had knowledge, prohibited employes (from going in between cars while in motion to couple or uncouple them, then, if the plaintiff went in between said cars while in motion for the purpose of coupling them, he was guilty of contributory negligence and cannot recover in this case, unless the jury believe, further, that the defendant's employes, after being aware of plaintiff's perilous position were guilty of negligence that caused his injury." Charge 21: "If the jury believe from the evidence that the plaintiff signaled the engineer to back his train while he was standing on the outside of the track, and the engineer in obedience to

said signal backed up his engine and cars in an ordinary prudent manner, and before the cars reached those to which they were to be coupled the plaintiff went in between the cars, and that as soon as the engineer discovered this fact he used all means at hand to stop his train, and could not stop his train before striking the other cars, then the plaintiff cannot recover in this case." Charge 22: "If the jury believe from the evidence that the engineer was taking his signals from the plaintiff in this cause, and did not see any signals given by Porterfield, then the plaintiff in this cause cannot recover on account of any alleged negligence of Porterfield in giving the signals." Charge 23: "If the jury believe from the evidence that the plaintiff was ordered by Porterfield, the yard conductor, to make the coupling he was attempting to make when injured, the fact that he was ordered to make the coupling did not authorize or justify him in going between the cars to make the said coupling in violation of the rules of the defendant and of which plaintiff had knowledge." Charge 25: "In regard to the custom as to going in between cars to make couplings, unless you believe from the evidence that such custom was known to the defendant and acquiesced in by it, or had prevailed for so long a time that defendant was bound to know it and would be presumed to have acquiesced in it, then you should not consider such custom in arriving at your verdict." Charge 26: "If the jury believe from the evidence that the plaintiff could have made the coupling by using the drawhead on the car attached to the engine, instead of the one on the stationary car, and could have by doing so made the coupling without going in between the moving cars, it was his duty to do so; and if he failed to do so he was guilty of contributory negligence in going between the moving cars." Charge 27: "There is no evidence in this cause that the contract of employment between the plaintiff and the defendant had been mutually abandoned." Charge 28: "The engineer and conductor had a right to presume that the plaintiff would, if he had knowledge of them, obey the rules of the defendant prohibiting employes from going in between cars for the purpose of coupling them." Charge 29: "If the jury believe from

the evidence that plaintiff knew that the rule of the defendant prohibited employes from going in between moving cars for the purpose of coupling them, and it was not necessary for the plaintiff to go in between them while they were moving in order to couple them, he was guilty of contributory negligence."

RONE WARD, J. A. ESTES and W. T. SMITH, for appellant.

JAMES WEATHERLY, for appellee.

ANDERSON, J.—Without determining the sufficiency of the sixth plea, it was not subject to the grounds of demurrers assigned. And what we say applies to the eighth plea also. The ninth plea was good. It charges the plaintiff with going between the cars to do the coupling when it was unnecessary, and that his going between the cars was the proximate cause of his injury. If he could have made the coupling without going between the cars, he should have done so, and should not have adopted a more hazardous or dangerous way to do so.

The demurrer was properly sustained to the third replication to the eighth and ninth pleas. It does not aver that the order was given by one who had the authority to order a violation of the rules and whose orders it was the plaintiff's duty to obey.

After the evidence was in, but before the case was given to the jury, the plaintiff asked leave to amend the complaint by adding counts 7 and 8. The only limitation upon the right of a plaintiff in a civil action at law to amend his complaint at any time before the cause is finally submitted to the jury, and they have retired, is that the form of the action must not be changed. There must not be an entire change of parties, nor can there be the substitution or the introduction of an entirely new cause of action.—*Ga. Ry. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006; 4 Mayfield's Dig. p. 448, § 165, and cases there cited. It would be error without injury to deny the amendment, if it was but a repitition of what was in the original complaint. So, too, has it been held

not to be error to refuse an amendment offered after the evidence of the plaintiff had closed and which was supported by no testimony.—*Beavers v. Hardie*, 59 Ala. 570.

The negligence charged in the amendment was a neglect of duty on the part of Porterfield by allowing or permitting the cars to be run back. The negligence as charged in the original complaint on the part of Porterfield was, in count 2, that he negligently ordered the plaintiff to couple the cars; third, that he directed or signaled the engineer to back up; and the fourth is like unto the third, with an averment of wantonness. The amendment was, therefore, no repitition or substitution of the original complaint; nor can we say that the amendment was unsupported by the evidence. True, the defendant's evidence tended to show that the engineer was acting upon the signals given by the plaintiff; but the plaintiff's evidence was to the effect that the engine and cars came back upon the signal or direction of Porterfield, who had ordered plaintiff to make the coupling, who knew where he was, when the cars were being backed, and that the cars came back with considerable force, knocking the other cars some distance. Now if the engineer was acting upon the signals of Porterfield, and it was true that he ordered the engine and cars back, it was clearly an inference for the jury to determine whether or not there was negligence on the part of Porterfield, knowing the peril of the plaintiff, in failing to signal or direct the engineer to stop or slacken the speed of the engine and cars before striking the detached cars. The trial court erred in not permitting the amendment.

There was no error in the ruling of the trial court upon the taking of the evidence of witness, Ed. Davis. He was a railroad man, and could give an opinion as to coupling cars. Besides, he had testified on the direct examination what cars could be coupled without going between them, and the defendant had the right to ascertain if it was necessary to go between these cars to make the coupling in question.

We cannot pass intelligently upon the assignments of error growing out of the examination of the plaintiff

as a witness, as there is considerable confusion in the record as to the execution of papers by him. Wm. Hagin testified that plaintiff delivered him an application, but that he did not see him sign it. This was no proof of the execution; but the bill of exceptions does not disclose what paper was introduced—does not show that it was the paper exhibited to the plaintiff when a witness. Neither does the record show that the paper purporting to be signed by the plaintiff was ever introduced, or, if so introduced, that it was the one the execution of which was proved by Hagin. It seems that two papers were introduced when Hagin was on the stand, but whether either of them was the one set out with plaintiff's testimony we cannot say. If such was the case, we cannot identify it as the first or last one testified to by Hagin.

There was no error in permitting the witness Sexton to testify as to the condition of the cars and to describe the couplings, as the numbers corresponded with the two between which plaintiff was hurt, as identified by the witness Porterfield. There was no error in permitting the witness Porterfield to testify to what he told plaintiff about going between the cars the day he started to work, and of his calling attention to the rules. Nor was there any error in permitting the witness to testify that the cars would couple without the use of the lever, or that it could have been made without the plaintiff putting his hand or arm between the couplers.

There was no error in permitting the introduction of the statement signed by Neely and Beaverly. It is true it was not signed by the plaintiff; but Neely testified that, while he declined to sign it, it was read over to him and he admitted that it was correct.

Charge 7, requested by the plaintiff, was properly refused. If not otherwise bad, it could have no application to the case under the complaint upon which the case was tried, as there was no evidence of wantonness on the part of Porterfield growing out of any act or omission set out in the complaint.

Charge 10, requested by the plaintiff, was properly refused. If not otherwise bad, it seeks a recovery, whether the defect was the proximate cause of the injury or not.

It makes no difference how defective the car was, unless said defect was the proximate cause of the injury.

We cannot intelligently consider charge 11, refused to the plaintiff, on account of the confusion of the evidence relating to the execution of the contract.

Charge 12 was properly refused, and is fully covered by the discussion with reference to the amendment to the complaint. The complaint upon which the case was tried had no averment of a failure of Porterfield to stop the cars. What we say as to charge 11 relates to charges 13 and 14.

Charge 16, requested by plaintiff, was properly refused. If not otherwise bad, it gives the plaintiff the right to recover, although he may have been guilty of contributory negligence.

The fallacy of charge 17 is shown in what we say as to charge 12.

Charge 18 was properly refused. If not otherwise bad, it was no implied order to go between the cars when told to couple them, when he could so do without going between them.

There was no error in refusing charges 20 and 21, requested by the plaintiff.

Charge 12, given at the request of the defendant, simply required proof of the allegations of count 4 before there could be a recovery thereunder.

Charge 14 was properly given for defendant. It simply instructed the jury that plaintiff could not recover under the fifth count if the plaintiff was negligent in going between the cars, for his going in between the cars was the proximate cause of his injury, and if he did so negligently that would be a good defense to the fifth count, which averred simple negligence.

There was no error in giving charge 15, requested by the defendant.—4 Mayfield's Dig. 300.

Charges 16 and 19 assert the truth ,and, while we have heretofore declined to reverse the trial court for refusing such charges, it is not reversible error to give them.

Charge 18, given for the defendant, asserts the law.—*M. & C. R. R. Co. v. Graham,* 94 Ala. 545, 10 South. 283.

Charge 20, requested by the defendant, was the law.

[Moss v. Mosely.]

There was no error in giving charges 21 and 22 at the request of the defendant.

There was no error in giving charge 23, requested by the defendant. Porterfield may have given him the order to couple, yet it would not justify him in going between the cars, unless he had to do so to comply with the order.

There was no error in giving charge 25, requested by the defendant. If there was a custom among the operatives violative of the defendant's rules, the defendant could not be bound by the custom, unless it knew and acquiesced therein.

There was no error in giving charge 26, requested by the defendant. If plaintiff could have made the coupling without going in between the cars, he was guilty of contributory negligence in going in between them.

There was no error in giving charge 27, requested by the defendant. Nor was there error in giving charge 29.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.