# Home Telephone Co. *v.* Robertson.

## *Trespass to Realty.*

(Decided May 19, 1910.   52 South. 655.)

1. *Appeal and Error; Review; Verdict.*—The mere preponderance of the evidence against the verdict does not authorize its disturbance by this court on appeal. The preponderance must be so great and decided as to clearly convince the court that the verdict was wrong and unjust before it would be disturbed.

2. *Principal and Agent; Agency; Evidence.*—The evidence in this case stated and examined and held sufficient to require a submission to the jury of the question as to whether the agents committing the trespass were representatives of the defendant telephone company rather than of an independent contractor.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Trespass by J. B. Robertson against the Home Telephone Company. Judgment for plaintiff and defendant appeals. Affirmed.

PILLANS, HANAW & PILLANS, for appellant. Wheth-
er the Eastern Shore Telephone Company connected at
Mobile with the Home Telephone Company, had not
even a remote bearing on the issue in this case.—*C. of
Ga. Ry. Co. v. Vaughan,* 93 Ala. 209; *Harwood v. Har-
per,* 54 Ala. 659; *Bolton v. Cuthbert,* 152 Ala. 407.
The verdict was contrary to the evidence and the dam-
ages were excessive.—*B. R. L. & P. Co. v. Clay,* 108
Ala. 233. Counsel discuss the evidence at length and
insist that the court should have granted a new trial.
—*Southern Ry. Co. v. Lollar,* 135 Ala. 375; *Shepherd
v. Dowling,* 103 Ala. 563; *Teague v. Bass,* 131 Ala.
422; *Bir. Bank v. Bradley,* 116 Ala. 142; *Mary Lee C.
Co. v. Chambliss,* 97 Ala. 180; *K. C. M. & B. R. R. Co.
v. Weeks,* 135 Ala. 614.

R. H. & R. M. SMITH, and FRANK S. STONE, for ap-
pellee. The court did not err in reference to the admis-
sion of evidence of the connection of the two telephone
companies in Mobile. The evidence was relevant.—*Ala.
Sec. Co. v. Dewey,* 47 South 55. It was also clearly
within the proper bounds of cross examination.—
*Noblin v. The State,* 100 Ala. 13; *Stoudenmire v. Wil-
liamson,* 29 Ala. 558; *Rhodes F. Co. v. Weedon & Dent,*
108 Ala. 252. The evidence is not such as to authorize
the court to set aside the verdict of jury.—*Cobb v.
Malone,* 92 Ala. 630; *Southern Ry. Co. v. Shelton,* 34
South. 194.

McCLELLAN, J.—Action is trespass to realty.
Aside from a ruling in respect of the admission of evi-
dence, to be later considered, the only error urged by
counsel for appellant is predicated upon the refusal of
the court to grant a new trial on the ground that the
verdict did not have sufficient support in the evidence
in the vital particular that persons for whose conduct

appellant was responsible cut the trees on plaintiff's lands in Baldwin county. The trespass is not denied. The only, sole, controverted issue is: Did the appellant's representatives commit the wrong?

Before a reversal of the trial court for refusal to grant a new trial, on the ground indicated above, is entered, this court must find that, after allowing all reasonable presumptions of the correctness of the verdict, "the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb v. Malone*, 92 Ala. 630, 635, 9 South. 738, 740. As is evident from the doctrine of *Cobb v. Malone*, mere preponderance of the evidence against the verdict will not suffice; much less the fact (if so) that the verdict does not accord with the conclusion this court would attain, were it its duty to consider and find on the evidence in the case. It is apparent that on the issue stated the evidence was in hopeless conflict. It was, then, a matter for jury decision. Even according to the evidence of defendant (appellant) on the issue its full measure of probative force, a concession of favor to appellant the strict application of the rule of *Cobb v. Malone* does not allow, we do not think the court below mistook its duty in denying the new trial on the ground mentioned.

It is impossible to note in this opinion all the facts and circumstances tending to justify the verdict against the assertion that it is, on the evidence, wrong and unjust. The appellant accepted from plaintiff the grant of a right of way for the telephone line from the construction of which the trespass complained of resulted. It was open to the jury to find that the party (Nixon) taking this grant did so for the appellant, even though to so find required the disbelief of other testimony denying that fact. It was also open to the

jury to reasonably find that in the first actual clearing for the line Davis and his assistants were working for the appellant, and so notwithstanding Davis .and others expressly deny that fact. Facts and circumstances, as is often the case, may reasonably overcome, in commanding credence, express denial. Such may have reasonably been, in this instance, the jury's view and conclusion. This plaintiff had accorded the way to the appellant, and not to the Central Construction Company, which, appellant contends, committed the trespass. After the injury was done, the written (in letter form) complaint of plaintiff, charging appellant with responsibility therefor, was received and recognized by the appellant, and its written and verbal response thereto (aside from the later denials of its attorneys) did not suggest, much less assert, that the Central Company alone was accountable. This is a fact of great potency as a matter of evidence. It is hard to conceive that a corporation or an individual, wholly without responsibility for an act, would withhold, when charged unequivocally, affirmation of its innocence, and, on the contrary, then proceed to negotiations looking to settlement at the least cost. Obviously, such conduct, such an attitude, unless explained, did not consist with the theory that the appellant's representatives did not commit the trespass. The jury might have well found that the explanation was not afforded by the evidence in this case. The executive officer of the Central Company was an important officer of the appellant. The business office of this executive officer was at the place of business of the appellant. The appellant was then, and since, it appears, actively engaged in operating a telephone system in this state. The Central Company was a foreign corporation, the sole purpose of which was to construct telephone lines.

It moved away, it must be inferred from the evidence, when the line was built and tested. Such a business may, of course, be entirely independent of the operating company. But that status is reflected on by the course pursued. The right of way was taken in the name of the appellant, by one, it might have been found by the jury, representing himself as appellant's agent; but this procedure is said to have resulted from the idea that the grants were so taken in anticipation, expectation, of a sale of the line, when completed, to appellant.

This fact at least suggests the unusual. It may not commend itself to the judgment as consisting with the engagement of an independent builder. That such a builder would construct with the fundamental right, that of way, in a merely expected purchaser, does appear unusual. And when this consideration is viewed along with the further fact that the executive officer of the Central Company is also an important officer of the appellant, and in connection with the *delayed* denial of responsibility, though invited by a demand based on a charged accountability, and in further connection with statements of some of those engaged in the work, if those tendencies of the evidence were credited as they might reasonably have been, we feel no hesitancy in affirming the court's action in denying the new trial as upon the ground now pressed.

There was no prejudicial error, if error at all, in allowing the question quoted in the first assignment. if it had reference to a line other than that in the construction of which the trees were cut, it was clearly without prejudice. If it had reference to the line here involved, it was a circumstance admissible on the chief issue as explanatory of appellant's relation thereto.

[Schuler v. Fisher.]

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.