# Simpson *v.* Memphis & Charleston Railroad Company.

66  85
f125 224

### *Action against Railroad Company for Killing Mule.*

1. *Liability of railroad company for injuries to stock.*—The statute approved February 3d, 1877, imposing an absolute liability upon railroad companies for stock killed or injured by their trains (Code, § 1710), which has been declared by this court to be unconstitutional (*Zeigler v. South & North Alabama Railroad Company*, 58 Ala. 594), was not intended to apply to injuries caused by negligence, nor to intentional injuries resulting from direct force; for which injuries, without the aid of the statute, a liability and remedy already existed.

2. *Same; amendment of complaint.*—A complaint founded on the statute, averring neither negligence nor intentional injury resulting from direct force, is neither in case nor trespass, and shows no cause of action ; and an amended complaint, averring that the injury was caused by the negligence of the company's servants, is allowable.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by Stephen Simpson against the Memphis & Charleston Railroad Company, a domestic corporation, and was commenced on the 22d August, 1877. The original complaint contained but a single count, claiming $200 as damages, " for that whereas heretofore, to-wit, on the 14th August, 1877, a train of railroad cars, owned and controlled by the said corporation, did run over and kill a certain mule, the property of plaintiff, near the town of Hillsboro in said county ; to the great damage of plaintiff, to-wit, the sum of $200 aforesaid." The defendant demurred to this complaint, " because it does not aver or charge that the kill-

ing of said mule was by neglect of defendant, or any of its operatives or employes." Without passing on this demurrer, so far as the record shows, the court granted. leave to the plaintiff to file an amended complaint, and the cause was continued. Afterwards, the plaintiff filed an amended complaint, in these words: The plaintiff claims of the defendant two hundred dollars, for wrongfully and negligently running over said mule with a locomotive and train of cars, on or about the 14th August, 1877; to the damage of plaintiff as aforesaid." The defendant demurred " to the entire decla-- ration, or complaint," because of a misjoinder of counts, the first being in trespass, and the second in case; and because the first count showed no cause of action whatever, and was incapable of amendment; and because the statute under which the action was brought was unconstitutional and void; and because there is no existing statute in Alabama, regulating the liability of railroads for killing stock. The court sustained the demurrer, and, as the judgment entry recites, " the plaintiff thereupon asked leave to amend his complaint by striking out the word *wrongfully*; to which amendment the defendant objected, and the objection was sustained by the court;" and final judgment was thereupon rendered for the defendant. The errors now assigned are: 1st, sustaining the demurrer; 2d, refusing to allow the amendment as shown by the judgment entry; 3d, the judgment rendered.

C. C. HARRIS, for appellant.

HUMES & GORDON, *contra*.

BRICKELL, C. J.—The original complaint was, doubtless, framed in view of the statute of February 3d, 1877, subjecting railroad companies to an absolute liability for injuries to stock from their trains; and if that had been a valid enactment, a clear legal liability would have been disclosed. The statute was, however, and has been so pronounced by this court, in conflict with the constitution. There is no averment in the original complaint of an intentional injury, resulting from direct immediate force. Such injuries were not within the purview of the statute; for, without it, the common law imposed a liability, absolute and unqualified. The purpose of the statute was to impose for an accidental, unintentional injuries, whether there was neglect or not, the absolute, unqualified liability which the common law imposed for intentional injuries resulting from the direct application of immediate force. The original complaint does not aver an intentional injury, resulting from immediate force:

[Mead v. Larkin.]

the count is upon the liability for an injury the statute was presumed to impose, whether the injury was accidental, the company being free from blame, or whether it was the result of negligence. There being no averment of negligence, and the statute being impotent, there was no error in sustaining the demurrer to the original complaint.

The amended complaint avers, that the injury complained of was the result of negligence; and was not, therefore, obnoxious to demurrer. It did not introduce a new cause of action, nor convert the action from trespass to case. The original complaint would not have been sufficient as a count in trespass, nor as a count for any other than a consequential injury. The amendment merely discloses that negligence of the defendant was the cause of the injury, not the intentional, immediate application of force.

Reversed and remanded.