# *Ex parte* Sullivan.

### *Application for Mandamus.*

1. *Amendments; limitations of right of plaintiff to amend complaint.*—The only limitations upon the right of the plaintiff in a civil action at law to amend his complaint, at any time before the cause is finally submitted to the jury, and they have retired, are, that the form of action must not be changed; there must not be an entire change of parties; and there can not be the substitution or introduction of an entirely new cause of action.

2. *Same; when no new cause of action is alleged.*—In an action to recover damages for the alleged breach of a certain article of a contract, entered into between the plaintiff and a common carrier, in which the defendant agreed to transport freight at specified rates, the complaint alleged overcharges of freight for transportation undertaken and completed under said article of the contract, which specified the rates to be charged, setting out said article *in haec verba*, with the exception of the clause therein contained, that the rates were applicable to "not less than twenty car loads when shipped on the main track," the omission of these words being on the theory that the stipulation evinced by them had, on the facts averred in the complaint, been waived by the defendant in accepting for transportation under the contract shipments in less than twenty car load lots. There was an amendment to the complaint which set out the said article in full, including the clause omitted from said article as contained in the original complaint, and set out the terms of the contract sued upon more accurately than had the complaint, and averred the several breaches therein complained of sufficiently, which was not done in the original complaint, but at the same time claimed damages only for the several breaches of that contract, as claimed in the original complaint. *Held:* there is the introduction of no new cause of action, and the amendment should be allowed; the cause of action stated in both the original and amended complaints being in effect, that the defendant had charged and collected, on numerous occasions, from the plaintiff compensation for the transportation of freights in excess of the rates at which it had agreed in the contract to transport such freight.

The facts of the case are sufficiently stated in the opinion.

D. S. TROY, for petitioner.

THOS. G. JONES and W. A. GUNTER, *contra.*

McCLELLAN, J.—"The only limitation upon the right of a plaintiff in a civil action at law to amend the complaint at any time before the cause is finally submitted to the jury, and they have retired, is that the form of the action must not be changed; there must not be an entire change of parties, nor can there be the substitution or the introduction of an entirely new cause of action."—*Mahan v. Smitherman*, 71 Ala. 563. In the case of *Martin H. Sullivan, surviving partner, &c., v. The Louisville & Nashville Railroad Co.*, pending in the Montgomery city court, the plaintiff asked leave to amend his complaint, and exhibited the proposed amendment. The request was denied on the ground that the amendment presented an entirely new cause of action. And this court is prayed for a writ of *mandamus* to compel the allowance of said amendment; the sole question before us being whether the proposed amendment stated such new cause of action.

The original complaint counted upon breaches of article four of a contract entered into between plaintiff and defendant on February 27, 1880. This article secured to Sullivan the transportation by the Louisville & Nashville Co. of logs, timber and lumber over the Mobile and Montgomery, the Selma and Gulf, and the Pensacola railroads, all which were being operated by said company, of specified rates of freight; and the complaint was that the defendant having received and transported logs, timber and lumber under said contract, violated the same by charging and forcing the plaintiff to pay under protest higher rates than those thus stipulated, wherefore damages in the sum of one hundred thousand dollars were claimed. This article of said contract was set out in the original complaint, except these words: "not less than twenty car loads when shipped on main track," which performed the office of restricting the provisions of said contract as to rates of freight charges to shipments, when made on main track, in lots of twenty

6

car loads or more. The theory of the plaintiff in the omission of these words, in setting out the article, was that the stipulation evinced by them had on the facts averred in the complaint been waived by the defendant, in that it had received for transportation and transported all the shipments as to which a breach in the rate of charges was averred *under the contract,* and hence that the defendant was entitled to charge only the contract rates, though it might have been justified in refusing to receive on the main track and transport less than lots of twenty car loads. This article four as copied into the original complaint contains also this further stipulation : "The provisions of this article (fourth) are to be embraced in contracts to be severally and formally entered into by each of said corporations [the Mobile and Montgomery Co., the Selma & Gulf Co., and the Pensacola Co.] with the party of the first part, Sullivan, and guaranteed by the party of the second part," (the Louisville & Nashville Co.)

The proposed amendment sets out said fourth article of the contract of February 27, 1880, in full—including the words omitted in that article as set out in the original complaint—also in full the contract of guaranty executed by the defendant on November 13, 1880, in pursuance of the provision of said article fourth copied above, and also an agreement entered into on May 24, 1881, by the defendant and the plaintiff in construction and explanation of said fourth article. The only difference between the complaint and the proposed amendment in respect of the terms of the contract of February 27, 1880, lies in the omission from the article as copied into the former and the inclusion in the article as copied into the latter of the words : "not less than twenty car loads, when shipped on the main track,"—the place of omission in the former being indicated by asterisks. It is manifest, we think, that the addition of these words did not introduce a new cause of action, for had they been, in the original complaint, the facts there averred showed that the stipulation they evidence had been waived by the defendant in respect of the shipments as to which overcharges had been collected, in that the defendant had accepted such shipments and transported them under, and therefore upon the rates of freight fixed in, the contract. So whether this stipulation was

in the contract or not, and with it in or out, the cause of action presented by the complaint and also by the amendment, such waiver being also averred in the latter, is, so far as the point goes, precisely the same— overcharges of freight for transportation undertaken and completed under a contract which specified the rates to be charged.

It is also manifest, we think, from a mere reading of the complaint as it will be when the proposed amendment is allowed, that it, as did the original complaint, counts upon breaches of this fourth article of the contract of February 27, 1880; the cause of action stated in the original complaint and in this proposed amendment lies in the fact that the defendant has charged and collected on divers and numerous occasions from the plaintiff compensation for the transportation of logs, timber and lumber in excess of the rates at which it had agreed to transport logs, timber and lumber in and by the contract of February 27, 1880. The amendment sets out the terms of that contract more accurately than did the complaint, and it avers the several breaches thereof sufficiently, which, it is confessed, the complaint did not; but so long as it expressly claims only for breaches of that contract, as did the complaint, there is no ground for saying that it introduces an entirely new cause of action.

The contrary view must have arisen, and is sought to be sustained here, because of the fact that the proposed amendment sets out the contract of November 13, 1880, which is not brought to light in the complaint. But neither this contract of November nor its being copied into the amendment cuts any figure in the case as now presented. If that contract is a merger of article four of the contract of February, a demurrer might lie to the complaint as amended on the ground that it shows the destruction by merger of the undertaking sued on. Or, if on the other hand, the contract of November is collateral to that of February and without effect upon it, a motion to strike it from the complaint as foreign and cumbersome might, perhaps, be proper. But inasmuch as the complaint and the proposed amendment count solely on the fourth article of the contract of February 27, 1880, and this expressly and unreservedly, it is not apparent to us how the amendment can be said to intro-

[Henry *et al.* v. Hall.]

duce a cause of action entirely new in reference to the cause stated, perhaps imperfectly, in the complaint; and this is the sole question presented on this application.

Of course there is no room for saying that the setting out of the explanatory agreement of May 24, 1881, in the proposed amendment, or even the counting upon that in connection with and as a part of article four of the February contract, would be the presentation of a new case. The amendment in this respect goes only to a more accurate description of the contract originally sued on. And it may be remarked that this agreement of May, 1881, affords very strong proof that the parties did not consider the contract of February, 1880, merged into that of November, 1880 nor otherwise destroyed.

However that may be, we are satisfied that the amendment presents no new cause of action, and that it should have been allowed.

Judgment and writ of *mandamus* will go accordingly.