# Townes *v.* Dallas Manufacturing Co.

### *Action for Injury to Employe.*

(Decided Feb. 6, 1908. 45 South. 696.)

1. *Pleading; Amendment.*—Subject to the rule that the form of action be not changed or a new cause of action substituted, nor working an entire change of parties, a complaint in a civil action may be amended at any time before the cause is submitted to the jury.

2. *Same; Amendments; Relating Back; Effect as to Limitation.*— Where the original complaint is not barred by the statute of limitations, an amendment within the lis pendens, made after the period of the bar, relates back to the filing of the original complaint, and is not subject to the bar of the statute.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SEPAKE.

Action by Charles L. Townes against the Dallas Manufacturing Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

S. S. PLEASANTS, R. C. BRICKELL, and ERLE PETTUS, for appellant. The court should have permitted the proposed amendment.—*Springfield F. & M.. Ins. Co. v.*

[Townes v. Dallas Manufacturing Co.]

*DeJarnette,* 111 Ala. 248; *Ex parte Sullivan,* 106 Ala. 80. The first two counts are common law counts based on the duty of the master to furnish a servant a reasonably safe place to work.—*Laughran v. Brewer,* 113 Ala. 509; *Hall v. Posey,* 79 Ala. 84. The 3rd count is based on subdivision 1, sec. 1749 of the Code.—*Dallas Mfg. Co. v. Townes,* 41 South. 998. The first three amended counts declare upon the common law liability.—*Steel v. May, et al.,* 135 Ala. 483; *Bennett v. R. R. Co.,* 102 U. S. 577. A change in the capacity in which the plaintiff sues can always be done by amendment.—*M. & O. R. R. Co. v. Logan,* 136 Ala. 133. The 2nd amendment is not a departure.—*Lucas v. Pittman,* 94 Ala. 620; *Prim v. Crawford,* 26 Ala. 626; *L. & N. v. Markee,* 103 Ala. 106; *Cent. of Ga. Ry. Co. v. Foshee,* 125 Ala. 222; *L. & N. v. Woods,* 105 Ala. 561.

R. W. WALKER, LAWRENCE COOPER, and GEORGE P. COOPER, for appellee. Clearly the amendment was a departure and the court did not err in refusing to allow it. —*Nelson v. First Nat. Bank,* 139 Ala. 578; *Mayhan v. Smitherman,* 71 Ala. 577; *Davis v. Mallen,* 57 Ala. 163; *Mobic L. I. Co. v. Randle,* 74 Ala. 170. The cause of action set forth in the amendment is barred by the statute of limitations. The amendment not being within the lis pendens does not relate to the commencement of the suit.—*Mohr v. Lemle,* 69 Ala. 626; *A. & A. R. R. Co. v. Ledbetter,* 92 Ala. 326; *Evans v. Richardson,* 76 Ala. 329; *A. G. S. R. R. Co. v. Smith,* 81 Ala. 229; *Nelson v. First Nat. Bank, supra; Union Pac. v. Wiler,* 156 U. S. 285.

ANDERSON, J.—The only limitation upon the right of the plaintiff in a civil action at law to amend his complaint at any time before the cause is finally submitted

to the jury and they have retired is that the form of action must not be changed. There must not be an entire change of parties, nor can there be the substitution or introduction of an entirely new cause of action.—*Huggins v. Southern Ry.,* 148 Ala. 153, 41 South. 856; *Central of Ga. R. R. v. Foshee,* 125 Ala. 199, 27 South. 1006; 4 Mayfield's Digest, p. 448, § 165. The amendment offered in the case at bar (counts 5, 6, and 7) was within the rule permitting amendments, and the trial court erred in sustaining the defendant's objection to same.

It is urged by counsel for appellee that the action of the trial court was innocuous, as the counts offered by way of amendment were subject to the statute of limitations of one year, in that the cause of action therein set out accrued more than a year previous to the attempted amendment. If such a rule prevailed in case the amendment was barred, which we need not decide, it would not avail the defendant in the present instance, as the amendment offered was within the lis pendens, and related back, so as to cut off the statute of limitations, unless the original complaint was barred. The gravamen of the action is the failure of the defendant to properly light its premises while the plaintiff was at work, whether as an employe or under a contractor, and there at the instance of or with the consent of the defendant, and which is the cause of action as set forth in the original as well as the amended complaint. It may be that counts 3 and 4 were attempted under the statute, and that the amendment is framed under the common law; but this was not necessarily such a departure as to prevent its relating back. But, conceding that it was a departure, which we do not hold, counts 1 and 2 can as easily be termed common-law as statutory counts, and, whether good or bad, the injury complained of, as well as the cause, is identical to that set out in the counts of-

[Townes v. Dallas Manufacturing Co.]

fered by way of amendment, and this case falls directly under the influence of the case of *L. & N. R. R. Co. v. Woods,* 105 Ala. 568, 17 South. 41, reaffirmed in 115 Ala. 527, 22 South. 33. The following authorities are also in support of the proposition that the amendment relates back: *Ala. Iron Co. v. Heald, Infra,* 45 South. 686; *Wheeler v. A. & A. R. R., Infra,* 46 South. 262; *Simpson v. M. & C. R. R.,* 66 Ala. 85.

The second count was not submitted to the jury, and, conceding that the first count was attempted or intended under the common law, and not the employer's act, it as well as counts 3 and 4, avers that the plaintiff was employed by the defendant at the time of the injury, which averment was not proved, and the defendant was entitled to the general charge as to these counts, being the only ones that went to the jury. The plaintiff may have been originally employed by the defendant to work for the "Saco Pette Company"; but at the time of the injury he was an employe of said company, and not the defendant. Such was the holding of this court when the case was here before (148 Ala. 146, 41 South. 988), and the evidence upon the second trial established the same relationship.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ, concur. DOWDELL, SIMPSON, JJ., dissent.