VISCOUNT DE VALLE DA COSTA v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, First Circuit. March 4, 1910.)

No. 840.

LIMITATION OF ACTIONS (§ 127*)—ACTION FOR WRONGFUL DEATH—LIMITA-TION—AMENDMENT OF DECLARATION.

The plaintiff in the Circuit Court brought suit against the defendant in the Circuit Court for the death of his intestate, which occurred during the voyage from New York to Galveston aboard a steamship operated by the defendant, which is a corporation created and existing under the statutes of Kentucky. In accordance with The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, the action for the death necessarily rested on the Kentucky statutes. The declaration as originally drawn was informal. A new declaration was substituted by amendment; but, as the original declaration contained every substantial fact necessary to create a case under the statutes referred to, although in an inartificial way, *held*, that Union Pacific Railway Company v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, and Boston & Maine Railroad v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193, so far as they related to the substitution of a statutory cause of action for a common-law cause of action, had no application to this case, and that the amendment here related back to the time of bringing suit.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Viscount De Valle Da Costa, administrator, against the Southern Pacific Company. Judgment for defendant (160 Fed. 216), and plaintiff brings error. Reversed.

See, also, 167 Fed. 654.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wendell P. Murray (Charles F. Smith, on the brief), for plaintiff in error.

William D. Turner (Reginald Foster and George Hoague, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. The plaintiff in error was the plaintiff in the Circuit Court, and it is convenient to speak of both parties as there arranged. This is an action of tort for an injury to the intestate, who was an employé of the defendant, and who was injured aboard a steamship operated by it on a voyage from New York to Galveston, followed by continued suffering and death six days later, of which the injury was the cause. The defendant was a corporation created and existing under the laws of the state of Kentucky, so that the law by which the case is governed is the law of Kentucky, in accordance with the decision in The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264. The suit was commenced in the superior court of the state of Massachusetts by a writ which issued on the 21st day of November, 1906, subsequently removed to the Circuit Court of the United States for the District of Massachusetts. The Hamilton was decided after this suit was brought, namely, on December 23, 1907. There had, of course, been previous decisions looking in the same direction, but The Hamilton was the first that authoritatively determined, so far as the purposes of this suit are concerned, that the international rule with reference to the domicile of a vessel while on the high seas applies as between the various states of the Union. There were numerous subordinate rulings in the Circuit Court growing out of the changing aspects of the case, which will in part appear from what we may further say, as to which rulings we find no error.

The case before us turns on the application of the rule with regard to the provision for limitation found in a statute conferring a right of action, in connection with an amendment, as applied in Union Pacific Railway Company v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, followed by us in April, 1901, in Boston & M. R. R. v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193. The litigation in Union Pacific Railway Company v. Wyler arose in Missouri. The declaration there as originally drawn was strictly at common law. It was amended by substituting a cause of action arising under the statutes of Kansas. The consequent decision was that the introduction of such an amendment was the substitution of a new cause of action to such an extent, and of such a character, that the period of limitation was counted from the day of the amendment rather than from the day of commencing the suit. The case at bar, according to one proposition of the defendant, was at most a substitution of a cause of action arising under the statutes of Kentucky for a cause of action arising under the statutes of Massachusetts, or some other state than Kentucky; so that the plaintiff's case is not literally governed by Union Pacific Railway Company v. Wyler, where the substitution was that of a statutory cause of action for one arising at common law. Again, the plaintiff claims that the litigation in Union Pacific Railway Com-

pany v. Wyler arose in Missouri, while in the present case the litigaton was initiated in Massachusetts, and that, although in the jurisdiction of the state of Missouri the amendment would be held to be one of an entirely new cause of action, it is otherwise in Massachusetts. If this proposition were correct, it might well be that the federal courts would be governed by the local practice, and that the question made here would not arise. In Boston & M. R. R. v. Hurd the litigation originated in the state of New Hampshire, and neither of these propositions was brought to our attention. We are able, however, to dispose of this appeal without reaching any definite conclusions on these particular points.

The substituted declaration contained three counts, one of which was admittedly and specifically based on the statutory laws of Kentucky. This was succeeded by a verdict in favor of the plaintiff. This also was succeeded by the fact that the defendant brought to the attention of the court the proposition that the statutory laws of Kentucky contained a conditional limitation of the same character as that noticed in Union Pacific Railway Company v. Wyler and Boston & M. R. R. v. Hurd, by virtue of which the right of action had already been lost at the time the amendment was allowed. The verdict was to a certain extent special, so that, on this being brought to the attention of the court, the court directed on the record as it stood a judgment for the defendant, applying to the case the rule of Union Pacific Railway Company v. Wyler, already cited. It is this latter ruling on which this appeal turns.

Yet the third count of the declaration as originally drawn stated every substantial fact necessary to create a case under the statutes of Kentucky. It described the intestate as a coal passer engaged in the defendant's employment aboard the steamship El Valle. It alleged that the defendant was a corporation existing under the laws of Kentucky; that it owned and employed the steamer named; that at the time of the alleged injury the steamer was on a voyage from New York to Galveston, and, therefore, on the high seas, as known to the court to be a geographical fact; that the intestate was scalded through the neglect of the defendant to provide him with a safe and suitable place in which to sleep, which amounted to a defect in the ways, works, and machinery connected with the business of the defendant, which had not been remedied in consequence of the defendant's negligence; that the machinery was defective in its piping and valves, permitting the improper and dangerous escape of live steam, all of which was through the fault of the defendant; that through the force of the live steam a pipe and valve burst, scalding the intestate, by reason of the defect and negligence described; that the intestate survived in intense pain and agony, and died from the scalding at the end of six days; that all the foregoing was in consequence of the negligence of the defendant, as already stated; and that the intestate left a widow surviving him. This was sufficient to create a cause of action under the statutes of Kentucky. The substituted count under those statutes on which the verdict was rendered repeated that the corporation was organized under the laws of Kentucky, and that the steamer was controlled and managed by the defendant, who employed the plaintiff,

and formally alleged that the voyage was on the high seas. It also expressly stated that while on the voyage the vessel was subject to the laws of Kentucky, which was enlarged upon. It also proceeded that, "by reason of the premises," the defendant became liable to the plaintiff's administrator by virtue of the provisions of the statutes of that state; and it gave extracts from them. All this new matter was inferable in a general way from what was originally pleaded; and therefore, so far as necessary at all, it could have been brought in by amendment of the original count without at all changing its essential nature.

It is to be borne in mind in this connection that The Hamilton did not declare a new rule of law, but simply stated one in effect when this suit was brought; so that the legal rights of the parties depend upon the rule as it then existed, and not on any subsequent declaration in regard to it. As the suit was brought after the decease of the injured coal passer, there was not only no action at common law for the damages arising from the death, but also at common law there was no survival of any cause of action whatever, because, although the injured employé survived a few days, the cause of action was merely a personal tort, which never survived at common law, or under any English statute which has been accepted as a part of our common law. Consequently there is no possibility that the original third count could have been construed as setting up a cause of action except statutory. It must be held that it alleged a statutory cause of action; and, in view of the decision in The Hamilton, and of the allegations to which we refer affecting the domicile of the corporation and of the steamship on which the injury occurred, and charging the survivorship of the widow, it must be held that the cause of action thus originally declared necessarily arose under the statutes of Kentucky.

The only irregularity which can be charged against the original third count is that it has been settled since Walker v. Maxwell, 1 Mass. 104, that according to the practice in Massachusetts, wherever the law of another state is relied on, it must be stated. It is also true there was no allegation that the tort was contra formam statuti; but in Massachusetts it never has been held that this formal allegation is usually necessary in remedial actions, though, of course, it might be convenient under some circumstances to inform the court whether the plaintiff was proceeding at common law or under some statute. At the most, we repeat that all these omissions were matters which can always be cured by amendment. In the eye of the law the cause of action must have been understood by the defendant as it appeared originally; so that it appeared always and identically the same from the beginning to the end, namely, one arising under the statutes of Kentucky. What may have been in the mind of the plaintiff or his counsel at the time the suit was brought is of no consequence in law, because the law limits a plaintiff to what appears of record in his declaration, and in like manner it gives him the benefit of whatever this may contain which may work for his advantage. Consequently, inasmuch as on this verdict for the plaintiff the court entered judgment for the defendant on the strength of the cases which we have cited, namely, Union Pacific Railway Company v. Wyler, 158 U. S. 285, 15 Sup. Ct.

877, 39 L. Ed. 983, and Boston & M. R. R. v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193, the judgment must be reversed, leaving the verdict to stand; but this does not dispose finally of the case.

Prior to the judgment for the defendant, the defendant had filed one or more draft bills of exceptions. It also seasonably filed a motion for new trial. A waiver of the latter was made by the defendant, stating that this was in view of the ruling of the court on the defendant's motion for judgment in its favor. Under the circumstances, justice requires that this waiver should be discharged, and that the bills of exceptions should receive the consideration of the Circuit Court, and its action thereon, without being prejudiced by the subsequent occurrences. In other words, while the judgment for the defendant is set aside, the case should be restored in other respects, so that the defendant shall have the benefit of all draft bills of exceptions and of its motion for a new trial.

The judgment of the Circuit Court is reversed, and the case is remanded to that court with full leave to proceed in any manner not inconsistent with our opinion passed down this fourth day of March, 1910; and the plaintiff in error recovers his costs of appeal.