(87 South. 804)

### SULLIVAN v. NORTH PRATT COAL CO.
### (6 Div. 30.)

(Supreme Court of Alabama.   Nov. 25, 1920.)

1. **Limitation of actions ⟨⟩127(14)—Count alleging injuries from use of defective stretcher not saved from limitations by count alleging injuries from fall of rock.**

In coal miner's action for injuries, amended count alleging damages for injuries received by a fall as a result of a defective and improperly constructed stretcher, in violation of Acts 1911, p. 532, § 93, *held* barred by limitations, though count alleging injuries sustained from fall of rock from roof of mine was filed within the period of limitations; the causes of action set up by the two counts being separate and distinct.

2. **Limitation of actions ⟨⟩175 — Statute available as defense, though not made ground of demurrer or motion to strike.**

The statute of limitations *held* an available defense to an amended count, though no demurrer or motion to strike on the ground of departure was interposed to such count.

3. **Trial ⟨⟩420—Request for general charge not waived by request of other instructions.**

A request for a general charge at the same time other instructions, which assumed that the general charge would not be given, were asked of the court, did not constitute a waiver of the request for the general charge.

4. **Limitation of actions ⟨⟩13—Defendant not estopped to plead statute as to amended count by asking that the case be passed on plaintiff's proposal of amendments.**

The defendant, by asking that the case be passed, on plaintiff's proposal of amendments to the complaint, was not estopped from pleading the statute of limitations as to amended count, in view of Code 1907, § 4853.

5. **Master and servant ⟨⟩289(9) — Contributory negligence of inexperienced coal miner held for jury.**

In a coal miner's action for injuries from fall of rock from the roof of the mine after having been employed therein for less than two hours, where there was evidence that he was inexperienced, and that it was difficult for an inexperienced person to detect the dangerous character of the formation of the roof, the question of contributory negligence was for the jury.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by James W. Sullivan against the North Pratt Coal Company. Judgment for plaintiff was set aside on defendant's motion, new trial was ordered, and plaintiff appeals. Affirmed.

Appellant was injured by a rock which fell upon him from the roof of appellee's coal mine, and recovered judgment therefor. The trial court granted defendant's motion for a new trial, and plaintiff prosecutes this appeal.

Plaintiff sustained his injuries as the result of a rock falling from the roof of his room in defendant's mine on July 6, 1918, after having worked therein less than two hours. Suit was filed on October 30, 1918. The original complaint consisted of five counts, the gist of each count being the injury suffered by the plaintiff from the falling of said rock, stone, or other hard substance. The cause came on for trial November 12, 1919, at which time amendments were filed, and the case was ultimately submitted to the jury on amended count 10, claiming damages for the injury caused by the fall of the rock, and alleging the unusually dangerous condition of defendant's mine, which dangers were concealed and difficult to detect, etc., and charging defendant's superintendent, who knew of the unusual dangers, with negligence in failing to warn plaintiff thereof; and count 12, which claimed damages for injuries by reason of a defective or improperly constructed stretcher. The original suit claiming damages for the fall of the rock was filed in the same month that plaintiff became of age, to wit, October 30, 1918. Amended count 12, or the defective stretcher count, was not filed until November 12, 1919.

Demurrers were interposed to amended count 10 and count 12, and were overruled. The defendant pleaded in short by consent by plea filed November 12, 1919, and signed by counsel for respective parties, with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action.

Plaintiff testified:

"The accident happened July 6, 1918, and I was 21 the next October. I was nearly 21 at the time it happened."

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hugo L. Black, of Birmingham, for appellant.

The amendment was properly allowed, and related back. Section 5367, Code 1907; 105 Ala. 568, 17 South. 41; 154 Ala. 530, 46 South. 262. The test of what constitutes a bar is not what is litigated, but what might have been litigated. 71 Ala. 186; 147 Ala. 434, 41 South. 811; 201 Ala. 315, 78 South. 91. An amendment introduces a new cause of action, which does not relate back. The departure must be met by demurrer or motion to strike; else it is waived. 109 Ala. 245, 19 South. 784; 109 Ala. 287, 19 South. 495; 16 Colo. App. 526, 66 Pac. 680; 36 Neb. 533, 54 N. W. 859; 148 U. S. 345, 13 Sup. Ct. 617, 37 L. Ed. 475; 5 Ind. App. 129, 31 N. E. 208, 51 Am. St. Rep. 238; 23 Okl. 79, 99 Pac. 647. Pleading in short by consent is not available to induce error on matters not brought to the attention of the court during the trial. 5 Ala. 453; 42 Ala. 74; 119 Ala. 534, 24 South. 561; 195 Ala. 165, 69 South. 956. Count 10 was not subject to demurrer. 128 Ala. 242, 29 South. 646; 148 Ala. 185, 41 South. 1012; 137 Ala. 234, 34 South. 20. The duty is on the master to warn of latent dangers. 91 Ala. 451, 8 South. 524, 12 L. R. A. 232; 25 Ala. 667; 91 Ala. 635, 9 South. 77; 162 Ala. 598, 50 South. 188; 175 Ala. 121, 57 South. 694; 196 Ala. 493, 71 South. 709; 143 Ala. 632, 42 South. 27. As to what is a latent defect, see 132 Ala. 466, 31 South. 519; 177 Ala. 275, 58 South. 260; 96 Ala. 632, 11 South. 667, 18 L. R. A. 260.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellee.

The action was commenced October 30, 1918. Section 4853, Code 1907; 198 Ala. 395, 73 South. 525; 159 Ala. 469, 49 South. 225; 101 Ala. 509, 14 South. 333; 3 Ala. 256. Count 12 does not set up the same cause of action as the other counts, and was not filed within the year from the majority; hence it is barred. Sections 4840 and 5367, Code 1907; 154 Ala. 580, 45 South. 686; 168 Ala. 626, 53 South. 166; 124 Ala. 355, 27 South. 551, 82 Am. St. Rep. 175; 89 Ala. 194, 7 South. 660; 98 Ala. 383, 11 South. 733; 74 Ala. 176; 111 Ala. 248, 19 South. 995; 164 Ala. 8, 51 South. 238; 148 Ala. 153, 41 South. 856; 125 Ala. 199, 27 South. 1006. Written pleas in short by consent present all the defenses. 193 Ala. 163, 69 South. 113; 119 Ala. 534, 24 South. 561; 5 Ala. App. 643, 56 South. 865, 59 South. 673. The defendant was entitled to a directed verdict on count 12. 97 Ala. 171, 11 South. 897; 97 Ala. 332, 12 South. 286; 132 Ala. 431, 31 South. 523; 140 Ala. 567, 37 South. 393. The defendant was guilty of contributory negligence as a matter of law, and not entitled to recover under count 10. Acts 1911, p. 513; 202 Ala. 420, 80 South. 804; 79 South. 801; 187 Ala. 605, 65 South. 999; 11 Ala. App. 657, 66 South. 946; 166 Ala. 482, 52 South. 86; 192 Ala. 651, 68 South. 1008; 144 Ala. 165, 39 South. 898; 131 Ky. 196, 114 S. W. 785, 28 L. R. A. (N. S.) 1266. Count 10 was subject to the demurrers. 115 Ala. 205, 22 South. 854; 162 Ala. 588, 50 South. 192.

GARDNER, J. This cause was tried upon amended count 10, claiming damages for injuries received by plaintiff as the result of a rock falling from the roof of his room in defendant's mine, and count 12, which was not filed until the day of the trial, November 12, 1919, claimed damages for injuries received by a fall as the result of a defective and improperly constructed stretcher. This latter count was rested upon the breach of the statutory duty imposed upon the owner or operator of the coal mine under the provisions of section 93 of the act regulating the mining of coal in Alabama. Acts 1911, p. 519.

[1] As an independent cause of action, under the undisputed evidence in the case, the statute of limitation of one year would be a complete defense to count 12. The question of importance therefore arises as to whether or not the matters as set up in this count relate to the same transaction as those of count 10, and relate back to the time of the filing of the original complaint. Count 10 is based on the falling of a rock in the plaintiff's room in the mine, and count 12 for injuries received by the falling of the stretcher some distance from the mouth of the mine, a short time after he had received the injuries from the falling of the rock. It is readily seen that a defense to count 10 would not be relevant to that of the defective stretcher, and contributory negligence as to one would have no application to the other. Count 12 rests upon the violation of a statutory duty, and we are of the opinion that these two counts do not relate to the same transaction, but are separate and distinct, and that matters set up in count 12 do not relate back, and it was therefore barred by the statute of limitations. Ala. Consol. Coal & Iron Co. v. Heald, 154 Ala. 580, 45 South. 686.

Plaintiff's counsel insists, however, that no demurrer or motion to strike was interposed to count 12 upon the ground of departure, and therefore the question of the statute of limitations has been waived.

[2, 3] While the numerous assignments of demurrer to count 12 do not seem to state this particular ground, yet we are unable to see how this fact could prevent the operation of the statute of limitations, which was pleaded as being embraced within the plea of general issue in short by consent, which was filed in the cause on the same day that count 12 was filed. The defense of the statute of limitations was a matter to be established by the proof as subsequently developed, which disclosed the date upon which the plaintiff reached his majority. We do not consider

that the authorities cited by appellant's counsel upon this point militate against this conclusion. The affirmative charge as to count 12 was therefore due the defendant. The verdict for the plaintiff was a general one, and it was defendant's right to have the issue presented by this cause of action eliminated from consideration. Mansfield v. Morgan, 140 Ala. 567, 37 South. 393; Cunninghame v. Herring, 195 Ala. 469, 70 South. 148. We have carefully noted the argument of counsel to the effect that because the general charge as to this count was requested at the same time other instructions, which assume that the general charge would not be given, were asked of the court, it constituted a waiver on the part of the defendant of his request for the general charge; but we are persuaded that this insistence is without merit. This was but a mere anticipation on the part of the defendant's counsel of an adverse ruling by the court upon his affirmative charge, and in no sense a waiver thereof.

[4] Lastly it is insisted that defendant was estopped from pleading the statute of limitations as to count 12, for the reason that when the cause was regularly reached on the docket, called for trial on May 21, 1919, counsel for plaintiff directed the court's attention to certain proposed amendments to the complaint, among which was count 7, seeking recovery as for a defective stretcher, copies of which had been served upon opposing counsel, and defendant's counsel asked that the case be passed, as he would not be prepared to meet such an issue, and this was done. Reliance is had upon what was said by this court in Ex parte Johnson, 194 Ala. 565, 69 South. 603, and by the Court of Appeals in Beecher v. Henderson, 4 Ala. App. 543, 58 South. 805.

We have carefully examined these authorities, but do not find them applicable here. From the affidavit offered, we construe the conduct of the defendant's counsel merely to the effect that if a new issue is to be injected into the cause, as set up in the proposed count, he would not be ready for trial at that time. The filing of the complaint was, of course, necessary for the commencement of the cause of action (section 4853, Code 1907), and would consume but a moment's time. Count 12 evidently was not then prepared, and ample time remained for the plaintiff to file additional counts, and we are unable to find wherein the record discloses any conduct on the part of the defendant to prevent the same or mislead the plaintiff in respect thereto. We therefore entertain the view that the theory of estoppel is not sustained.

The action of the trial court in granting a new trial may well be rested upon the question here presented as to count 12.

There are other questions presented by the record, but we consider it only necessary to refer to the action of the court in refusing the affirmative charge as to count 10, as these other questions may be easily avoided upon another trial, or may not arise.

[5] It is strenuously insisted that defendant was due the affirmative charge as to this latter count upon the theory that the injuries occurred in the plaintiff's room in the mine as the result of a rock falling from the roof, the duty to inspect which was placed upon the plaintiff, and that he was guilty of contributory negligence as a matter of law. However, there was evidence offered by the plaintiff tending to show that the roof of the defendant's mine was of peculiar formation, consisting of slate and draw rock, and was unusually dangerous, which peculiarity and unusual danger was difficult to detect by any person who was not accustomed to and familiar with such peculiar formation; that the plaintiff was inexperienced as to work in a mine of that character, that is, of such peculiar formation, and therefore was unable, after inspection, to discover the defect in the roof by the exercise of such diligence as would have been exercised by a reasonably prudent and experienced miner under the circumstances; and that the superintendent, who had knowledge of the defect and its danger, knew, or had reason to believe, that the plaintiff did not know or could not discover this dangerous condition by the exercise of such diligence as a reasonably prudent and experienced miner would have exercised to discover the same under the circumstances and conditions surrounding the plaintiff.

To refer in detail to the portions of the evidence which we consider as sufficiently tending to support the foregoing conclusions would unduly lengthen this opinion and serve no useful purpose. We rest content with the statement of the conclusion that under the evidence the issues presented by count 10 were properly submitted to the jury. L. & N. R. R. Co. v. Boland, 96 Ala. 626, 11 South. 667, 18 L. R. A. 260; Robinson v. Tolbert, 132 Ala. 462, 31 South. 519; Ala. Steel & Wire Co. v. Wrenn, 136 Ala. 475, 34 South. 970; L. & N. R. R. Co. v. Wilson, 162 Ala. 588, 50 South. 188.

It results that the judgment of the court granting a new trial will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.