(87 South. 574)

## LOUISVILLE & N. R. CO. v. HOLMES.
## (8 Div. 271.)

(Supreme Court of Alabama. Nov. 25, 1920.)

**1. Pleading ☞248(11)—Amendment as to place of injury allowable where record did not inform court that a different cause was alleged.**

Code 1907, § 5367, permits amendments changing descriptive allegations of the complaint where the record does not inform the trial court that a new cause is alleged, so that the court did not err in permitting plaintiff to change an averment of injury at A. in M. county to injury at V. in C. county.

**2. Trial ☞260(8)—Requested instruction covered by others given is properly refused.**

Requested instruction need not be given where covered by instructions given.

**3. Carriers ☞321(3)—Instruction on care required as to passengers held misleading.**

An instruction that "the degree of care that a carrier is required to take of a passenger does not mean that every possible or conceivable care and precaution which might increase or even assure the safety of the passenger must be taken, but only such care as is reasonably practicable under the circumstances," is misleading when standing alone, though it might be sanctioned if elucidating definition of due diligence.

**4. Trial ☞253(9)—Instructions omitting care of observance by conductor of train discharging passengers held erroneous.**

In an action for injuries to a passenger, requested instruction for defendant as to the care of the conductor in placing himself in position to observe, but omitting the hypothesis of due care in observing, whether passengers were getting on or off, were properly refused.

**5. Carriers ☞343—Evidence that a passenger attempted to board train at a regular stopping place held admissible.**

Evidence that plaintiff, injured by defendant railroad, was attempting to board the train at a regular stopping place, was admissible as

to care exercised by her in view of defendant's plea of the general issue with leave to give in evidence any matter that would be a good defense if specially pleaded, and contending that plaintiff was negligent.

**6. Appeal and error ☞1058(2)—Error in excluding evidence that passenger did not complain of her injury to conductor held harmless.**

Any error in refusing to permit a railroad conductor to testify that plaintiff did not complain to him of an injury from a jerk or jar of the train was not reversible, where, according to plaintiff's version, the conductor was necessarily informed of the occurrence, and where he did testify that he had never heard of the accident until summoned to court.

**7. Carriers ☞320(1)—Passenger's right to recover on conflicting evidence was for the jury.**

A passenger's right to recover for personal injuries was for the jury on a conflict in the evidence.

**8. Appeal and error ☞1005(4)—Appellate court will not overrule denial of new trial on mere preponderance of evidence.**

A mere preponderance of the evidence against the verdict, or that the verdict is not in accord with the conclusion the Supreme Court would reach, if deciding upon the facts, will not suffice as a reason for ascribing error to the trial court in overruling the motion for a new trial.

Appeal from Circuit Court, Morgan County; F. Lloyd Tate, Judge.

Action by Mrs. Pearl F. Holmes against the Louisville & Nashville Railroad Company for damages for injuries while a passenger. Judgment for the plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The original summons and complaint was executed June 27, 1918, and alleged the accident to have occurred on or about January 28, 1918. The amendment offered was in September, 1919.

The following are the charges refused to the defendant:

(2) I charge you, gentlemen of the jury, that the degree of care that a carrier is required to take of a passenger does not mean that every possible or conceivable care and precaution which might increase or even assure the safety of the passenger must be taken, but only such care as is reasonably practicable under the circumstances.

(19) I charge you, gentlemen of the jury, in the operation of a railroad passenger train, if after stopping and waiting a reasonable time for passengers to get off the conductor places himself in a position where he can see and know, and there are no indications that others or any desire or intend to alight or get on, the conductor may then cause the car to move, and if passengers after this attempt to get on or off, without further notice to the conductor, and

he has no actual knowledge of their intention and position, they do so at their peril, and not at the peril of the carrier.

(20) I charge you, gentlemen of the jury, if the railroad train in its operation stops and waits, at a station a reasonable time for passengers to get on and off, and the conductor of said train places himself in a position where he can see and know the conditions and circumstances surrounding the train, and the said conductor sees no indications of others or any one to alight or get on the train, the conductor may then cause the train to move, and if thereafter passengers attempt to get on or off of said train, without further notice to the conductor, and he has no actual knowledge of their intentions and position, they do so at their peril, and not at the peril of the carrier.

Assignment 23 is as follows:

The court erred in sustaining the objection to the following question to the conductor: "Did any lady report to you on that occasion, on January 28, 1918, that she had been hurt by reason of a violent jerk or jar of the train?"

Eyster & Eyster, of Albany, for appellant.

The court erred in allowing the amendment. Section 5367, Code 1907; 188 Ala. 278, 66 South. 16, Ann. Cas. 1916E, 900; 202 Ala. 62, 79 South. 458. The defendant was entitled to the affirmative charge, under the evidence in this case. 120 Ala. 543, 24 South. 955; 129 Ala. 561, 30 South. 571. Plaintiff was guilty of contributory negligence. 108 Ala. 237, 19 South. 309; 132 Ala. 431, 31 South. 523. Court should have given charge 2. 179 Ala. 282, 60 South. 262. Counsel discuss other charges, but without further citation of authority.

Callahan & Harris, of Decatur, for appellee.

The amendment was proper. 4 Ala. App. 650, 58 South. 1004; 177 Ala. 106, 58 South. 330; 154 Ala. 580, 45 South. 686. Under no theory of the case was the defendant entitled to an instructed verdict. 170 Ala. 535, 54 South. 280; 181 Ala. 512, 61 South. 908; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 4 R. C. L. §§ 655–659; 136 Ala. 166, 33 South. 886; 186 Ala. 65, 65 South. 169; 16 Ala. App. 188, 76 South. 472; 196 Ala. 32, 71 South. 674; 121 Ala. 121, 25 South. 847; 136 Ala. 166, 33 South. 886. Counsel discuss other assignments of error, but without further citation of authority.

SAYRE, J. [1] Appellee, suing as a passenger, recovered judgment against appellant on account of personal injuries alleged in her original complaint to have been inflicted by the negligent operation of one of appellant's trains at Albany, in Morgan county. More than a year after the commencement of the action plaintiff was allowed to amend her complaint so as to make it allege that her injuries were inflicted at Vinemont, in Cullman county. Defendant opposed this amendment in every possible way; the ground of objection being that it introduced a new and distinct cause of action.

Plaintiff's cause of action—that is, the injury on account of which she sued—could not have happened at both places, but it is possible that she suffered from similar accidents at both, and in the last-named event an action on one could not by amendment be converted into an action on the other. Under the statute of this state (section 5367 of the Code) amendments such as here proposed, amendments changing descriptive allegations of the complaint, must be allowed where the record itself does not clearly inform the trial court as to the identity or nonidentity of the new matter with the old, and any issue as to identity vel non must be submitted as an issue of fact to the jury, and so injustice to the party against whom the amendment is allowed will be avoided. Brown v. Loeb, 177 Ala. 106, 58 South. 330; Ala. Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580, 45 South. 686.

[2, 3] There was no reversible error in refusing charge 2 requested by defendant. The charge was verbally inaccurate, as the brief for appellee, plaintiff, points out; but, apart from that, the measure of diligence necessary to be exercised by defendant in caring for the safety of its passengers was correctly stated to the jury in charges 3 and 7 given on its request, and while the language of the charge in question, apart from its mere verbal inaccuracy, was taken from the opinion in B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 282, 60 South. 262, where it served to elucidate an antecedent definition of due diligence, without its antecedent context it tended to mislead the jury.

[4] Charges 19 and 20, refused to defendant, omit the hypothesis of due care on the part of the conductor to ascertain whether passengers are getting on or off the train when he gives the signal for it to move. Merely placing himself in position is not enough. In that position he must exercise care to know whether passengers are about to get on or off.

[5] The question whether plaintiff undertook to get on the train at a "regular place" was properly allowed in view of the fact that defendant had pleaded the general issue "in short by consent with leave to give in evidence any matter that would be a good defense if specially pleaded." Defendant was contending that plaintiff's negligence had contributed to her injury, and on this issue if not otherwise, she was properly allowed to show that she undertook to board the train at a regular stopping place, at a place where it was defendant's duty to look out for her.

[6] No inference was to be drawn against the plaintiff by reason of the fact that she did not complain to the conductor of an occurrence of which, according to her version

of the case, he was part and necessarily well informed. Moreover, 'defendant's conductor, to whom the question was addressed, denied that any such accident had happened or that he had ever heard of it until summoned to court. Upon the whole, then, we conclude that no such injury was done by the ruling against defendant's question, assignment 23, as would require a reversal.

[7] Whether upon the whole evidence plaintiff should have been allowed to recover was a question for jury decision; that is, the evidence was in conflict.

[8] Nor can this court predicate error of the action of the trial court in overruling the motion for a new trial. To what has been said above we may add that a mere preponderance of the evidence against the verdict, or that the verdict is not in accord with the conclusion this court would reach, if deciding upon the facts, will not suffice as a reason for ascribing error to the trial court in overruling the motion. Cobb v. Malone, 92 Ala. 630, 9 South. 738; Home Telephone Co. v. Robertson, 167 Ala. 179, 52 South. 655.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.