(99 South. 356)

**HAYNES v. PHILLIPS. (6 Div. 889.)**

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

**1. Libel and slander ⬾100(8)—Variance as to date held not to warrant affirmative charge in view of videlicet.**

Where the allegation that the alleged slanderous words were said on August 7, 1919, was under the videlicet, the fact that the proof showed the slanderous words were used "about" August 7, 1919, did not warrant the affirmative charge.

**2. Trial ⬾142—General affirmative charge not given if adverse inferences may be drawn.**

The general affirmative charge should not be given if there are adverse inferences that may be drawn by the jury against the party requesting the charge.

**3. Limitation of actions ⬾127(1)—Amendment to complaint which does not set up new cause of action relates back to commencement of suit.**

An amendment to a complaint which does not set up a new cause of action or make a new demand relates back to the commencement of the suit, and the running of the statute against the claim so pleaded is arrested at that point; but, when a cause of action set forth in an additional pleading is new and distinct from that originally set up, the amendment does not relate back, and the statute of limitation runs against it until it is introduced into the pleading.

**4. Limitation of actions ⬾127(7)—Amendment to complaint held to relate back to commencement of suit.**

In an action for slander brought within 12 months, in which the complaint alleged that defendant charged plaintiff with violation of her marital obligation by saying that he had run plaintiff out of the woods with two men, amendments thereto made three years later *held* not a departure as to the character and subject-matter of the original complaint, and to relate back to the bringing of the suit.

**5. Libel and slander ⬾100(8)—Failure to prove all words alleged is not fatal unless proof of all required to constitute cause of action.**

The failure of plaintiff to prove all of the words alleged as pleaded does not present a material fatal variance, unless proof of all of them is required to constitute the cause of action.

**6. Libel and slander ⬾86(3)—Colloquium and innuendo employed held not to extend general and fair import of alleged slanderous words.**

Count in complaint alleging that defendant charged plaintiff, a married woman, with violation of her marital obligation by saying of and concerning her that he had run her out of the woods with two men, and an amended count alleging that he meant she was in the woods with men for illegal, or illicit sexual intercourse, *held* not demurrable; the colloquium and innuendo employed not extending the general and fair import of the alleged slanderous words, and the words "run her out of the woods" amounting to a charge of want of chastity.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action for slander by Savannah Haynes against Jack Phillips. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Count 1 of the complaint, as originally filed, is as follows:

"1. The plaintiff claims of the defendant $15,000 damages, for falsely and maliciously charging her with violation [of] her marital obligation, by speaking of and concerning her in the presence of divers persons, in substance, as follows: That he, meaning the defendant, had run her, speaking of plaintiff, out of the woods with two men.

"And plaintiff avers that she was at the time of the charge made by defendant a married woman, which was known to defendant.

"And plaintiff avers that said statement as above alleged was made on, to wit, August 7, 1919."

Count 1 was thus amended by paper filed November 13, 1922:

"* * * By adding the following words immediately after the words 'with two men,' where said words first appear in said count 1: 'Meaning thereby that plaintiff had been or was in the woods with men for illegal or illicit sexual intercourse.'"

The complaint was also amended by adding counts 2, 3, and 4, filed October 30, 1922, and counts X and Y, filed November 13, 1922.

Count 2 of the amended complaint is as follows:

"Count 2. Plaintiff claims of the defendant $15,000 as damages; for that, on or about the 16th day of August, 1919, in Walker county, Ala., he (defendant) falsely and maliciously said of and concerning the plaintiff, in the presence of divers persons, as following: That he had run plaintiff and divers persons out of the woods together, to wit, Clyde Cole, or, to wit, Fred Ricketts, and that he could prove it; meaning by that that plaintiff and said persons were run out of the woods, where they had gone to have sexual intercourse, or by saying in the presence of divers persons, falsely and maliciously, that plaintiff was a straight public

whore or a straight public woman, meaning a whore."

The other counts added by amendment are based upon an alleged false and malicious charge or statement made by the defendant against or concerning the plaintiff on, to wit, August 16, 1919, to the effect that defendant had run plaintiff out of the woods, etc.

By paper filed November 14, 1922, plaintiff amends her complaint as last amended "by changing the dates in counts 2, 3, 4, X, and Y from, to wit, August 16, 1919, where said date appears in said counts, to read on, to wit, August 7, 1919."

John W. Altman and J. K. Taylor, both of Birmingham, and Ray & Cooner, of Jasper, for appellant.

The charge in the original complaint was sufficient; the words used are to be taken in their plain and natural meaning. Downing v. Wilson, 36 Ala. 717; Smith v. Gaffard, 31 Ala. 45; Robinson v. Drummond, 24 Ala. 174; Labor Review Pub. Co. v. Galliher, 153 Ala. 369, 45 South. 188, 15 Ann. Cas. 674; Iron Age Pub. Co. v. Crudup, 85 Ala. 519, 5 South. 332; Penry v. Dozier, 161 Ala. 292, 49 South. 909; 20 Cyc. 315; Code 1907, §§ 3748, 5382, form 16; Kee v. Armstrong, 75 Okl. 84, 182 Pac. 494, 5 A. L. R. 1349; Black v. State, 93 S. C. 467, 77 S. E. 51, Ann. Cas. 1914C, 989; 25 Cyc. 355. The amended counts were proper; the matter was within the lis pendens of the original action, and related back to the commencement of the suit. L. & N. R. R. Co. v. Woods, 105 Ala. 561, 17 South. 41; Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006; Ex parte Sullivan, 106 Ala. 80, 17 South. 387; Ala. Con. Coal & I. Co. v. Heald, 154 Ala. 580, 45 South. 686; Ala. Co. v. Hall & Harby, 152 Ala. 262, 44 South. 592; Ala. Co. v. Heald, 168 Ala. 626, 53 South. 162.

A. F. Fite, of Jasper, for appellee.

If the colloquium and innuendo extend the general and fair import of the words alleged to have been used, demurrer to the complaint should be sustained. Kirkpatrick v. Journal Pub. Co., 207 Ala. 687, 93 South. 622. The only count stating a cause of action was filed after expiration of the statute of limitations, and the affirmative charge for defendant was properly given.

THOMAS, J. [1] The suit is for slander. The time of the alleged slander was under the videlicet; and though it is alleged to have been on August 7, 1919, and the proof shows that the alleged statement was about August 7, 1919, the variance would not warrant the giving of the affirmative charge. Hill Gro. Co. v. Caldwell (Ala. Sup.) 99 South. 354;[1] Dothan Gro. Co. v. Dowling, 204

Ala. 224, 85 South. 498; Western Assur. Co. v. Hann, 201 Ala. 376, 78 South. 232; Cent. L. & T. Co. v. McClure L. Co., 180 Ala. 606, 61 South. 821; Henry v. McNamara, 114 Ala. 107, 22 South. 428.

[2] The general affirmative charge should not be given if there are adverse inferences that may be drawn by the jury against the party requesting the charge. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135; Crim v. L. & N. R. Co., 206 Ala. 110, 120, 121, 89 South. 376; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 691, 91 South. 779; Sloss-Sheffield S. & I. Co. v. Jones, 207 Ala. 7, 91 South. 808; Corona C. & I. Co. v. Amerson, 201 Ala. 3, 75 South. 289; Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 South. 601.

[3] Were the amended counts within the lis pendens of the original action? If so, the same related to the commencement of the suit and saved the bar of the statute. L. & N. R. Co. v. Wood, 105 Ala. 561, 17 South. 41; Ex parte Sullivan, 106 Ala. 80, 17 South. 387; Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006; Ala. Con. C. & I. Co. v. Heald, 154 Ala. 580, 593, 45 South. 686; Ala. Ter. & Imp. Co. v. Hall & Farley, 152 Ala. 262, 271, 44 South. 592; Ala. Con. C. & I. Co. v. Heald, Admr., 168 Ala. 626, 53 South. 162; Roden v. Capehart, 195 Ala. 29, 33, 70 South. 756. The test is whether the proposed amendment is a different matter, "another subject of controversy or the same matter more fully or differently laid to meet the possible scope and varying phases" of the evidence. Ala. Con. C. & I. Co. v. Heald, 154 Ala. 580, 586, 45 South. 686; Townes v. Dallas Mfg. Co., 154 Ala. 612, 615, 45 South. 696; Ballenger v. Ballenger, 205 Ala. 595, 88 South. 826; Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 South. 804; L. & N. R. Co. v. Holmes, 205 Ala. 47, 87 South. 574. See, also, Crawford v. Mills, 202 Ala. 62, 79 South. 456. The general rule is well established that an amendment to a complaint which does not set up a new cause of action, or make a new demand, relates back to the commencement of the suit, and the running of the statute against the claim so pleaded is arrested at that point; that is to say, when an amendment, or an additional count, is made or added in a pending action merely to restate in a different form the same cause of action, it relates back to the beginning of the suit, and is not affected by the circumstance that the period set by the statute of limitations expired after the suit was brought and before the amendment was made or the additional count was added. It follows that when a cause of action set forth in an additional pleading in a pending litigation is new, different, and distinct from that originally set up, there is no such relation back (L. & N. R. Co. v. Holmes, 205 Ala. 47, 87 South. 574; Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 South. 804), but

---

[1] Ante, p. 34.

such new pleading is the equivalent of bringing a new suit, and the statute of limitations runs against the new cause of action to the time it is introduced into that pleading. To illustrate further, whether a "cause of action at common law and one based upon a statute, or a cause of action based upon a statute of one state and one based upon a statute of another state or a federal statute, where the basic transaction is the same, are the same causes of action or are different and distinct from each other," has been the subject of a conflict among the different jurisdictions. 3 A. L. R. 140. In this jurisdiction, an amendment of a count under the statute may be amended by a count framed under the common law, and has been held not such a departure as to take it out of the lis pendens and prevent its relating back. Townes v. Dallas Mfg. Co., 154 Ala. 612, 615, 45 South. 696 (amendment from statute to common law); L. & N. R. R. Co. v. Woods, 105 Ala. 561, 568, 17 South. 41; Ala. Con. C. & I. Co., v. Heald, 154 Ala. 580, 45 South. 686; s. c. 168 Ala. 626, 53 South. 162; Wright v. McCord, 205 Ala. 122, 88 South. 150 (amendment from common law to statute); De Valle Da Costa v. South. P. Co., 176 Fed. 843, 100 C. C. A. 313, writ of certiorari denied in 217 U. S. 606, 30 Sup. Ct. 696, 54 L. Ed. 900 (amendments from statute of one jurisdiction to that of another); Crawford v. Mills, 202 Ala. 62, 79 South. 456 (amendment changing parties and form of action); Ballenger v. Ballenger, 205 Ala. 599, 88 South. 826; L. & N. R. Co. v. Holmes, 205 Ala. 47, 87 South. 574 (changes in descriptive allegations); Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 South. 804.

[4] It follows that there was no departure, in the amendments made, as to the character, nature, and subject-matter of the instant complaint; and the same related back to the bringing of the suit, which was brought within 12 months from the date on which the alleged slanderous statement was made by defendant. The slander is alleged to have been spoken on August 7 or August 16, 1919, and the original complaint was filed August 25, 1919. It is immaterial, as to the plea of the statute of limitations, that the complaint was amended, respectively on October 30 and November 13, and 14, 1922, as each was for the same cause of action. The affirmative charge cannot be justified under the plea of the statute of limitations.

[5] The failure of the plaintiff to prove all the words alleged in his pleadings does not present a material fatal variance unless it requires all of them to constitute the cause of action. Commons v. Walters, 1 Port. 377, 27 Am. Dec. 635; Chandler v. Holloway, 4 Port. 17; Easley v. Moss, 9 Ala. 266; Scott v. McKinnish, 15 Ala. 662; Penry v. Dozier, 161 Ala. 292, 49 South. 909. And the af-

firmative charge cannot be justified on this ground.

[6] The case of Kirkpatrick v. Journal Pub. Co., 207 Ala. 687, 93 South. 622, shows that error was committed in sustaining demurrer to count 1 of the complaint and to count 1 of the complaint as amended. The colloquium and innuendo employed in these counts did not extend the general and fair import of the alleged slanderous words of which complaint is made. That is to say, the counts were not subject to grounds of demurrer within the rule of the Kirkpatrick Case, supra. The common use and acceptation of the language used in the first count before amendment—a meaning most natural and obvious, in the plain and popular sense in which the public understand it—amounted to a charge of the want of chastity in the woman referred to, and was sufficient to impress the minds of defendant's hearers with the statement that the woman spoken of was in the woods with the two men for illicit sexual intercourse. Downing v. Wilson, 36 Ala. 717; Smith v. Gaffard, 31 Ala. 45; Penry v. Dozier, 161 Ala. 292, 300, 49 South. 909; Choctaw C. & M. Co. v. Lillich, 204 Ala. 533, 86 South. 383, 11 A. L. R. 1014; Stallings v. Newman, 26 Ala. 300, 62 Am. Dec. 723; Iron Age Pub. Co. v. Crudup, 85 Ala. 519, 5 South. 332; Robinson v. Drummond, 24 Ala. 174; Labor Review Pub. Co. v. Galliher, 153 Ala. 364, 371, 45 South. 188, 15 Ann. Cas. 674; 2 A. L. R. 383, note; 24 L. R. A. (N. S.) 608, note 6.

The giving of the general affirmative charge was in error; the inferences of fact were for the jury. McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 South. 601.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.